UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:25-cv-00626-JLS-MAR                                                   Date: August 20, 2025
Title:  Jasmine Magana v. United States Government et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:  (IN CHAMBERS)  ORDER TO SHOW CAUSE RE SERVICE**

  Plaintiff Jasmine Magana initiated this action on January 23, 2025, bringing claims against Defendant U.S. Government dba U.S. Marine Corps and Sibert Malara for alleged misconduct that Malara engaged in while employed as a recruiter for the U.S. Marine Corps.  (Compl. ¶¶ 1–2 Doc. 1.)  Plaintiff filed a First Amended Complaint ("FAC") on March 17, 2025.  (FAC, Doc. 16.)

  To serve the United States, a party must (1) "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to a[] [designated] assistant United States attorney or clerical employee"; *or* (2), in the alternative, send a copy of the summons and complaint by registered or certified mail to "the civil process clerk at the United States attorney's office" and "the Attorney General of the United States at Washington, D.C."  Fed. R. Civ. P. 4(i)(1)(A)(i–ii); *see also Alter v. McConnell*, 2023 WL 9375371, at *1 (C.D. Cal. Dec. 21, 2023) (summarizing Rule 4(i)(1)).  To serve a U.S. agency, officer, or employee sued in an official capacity, a party "must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency[.]"  Fed. R. Civ. P. 4(i)(2).  To serve a U.S. officer or employee in an individual capacity for an act occurring in connection with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:25-cv-00626-JLS-MAR | Date: August 20, 2025 |
| Title:  Jasmine Magana v. United States Government et al | |

duties performed on behalf of the United States, a party "must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3).

Here, Plaintiff's Proofs of Service as to both the Complaint and FAC are deficient. (Amended Proof of Service, Doc. 15; FAC Proof of Service, Doc. 17.) *See also* Fed. R. Civ. P. 4(i)(1)–(3).  Plaintiff claims to have effectuated service of the Complaint by mailing the summons and complaint to the "Office of Judge Advocate General" and to this Court.  (Amended Proof of Service.)  This complied with neither Rule 4(i)(1)(A) nor Rule 4(i)(2)–(3).  On June 17, 2025, Plaintiff sent a copy of the summons and FAC to the Attorney General of the United States and Civil Process Clerk via certified mail.  (FAC Proof of Service.)  While Plaintiff's second attempt at service comports with Rule 4(i)(1)(A), it is still deficient under Rule 4(i)(2), as Plaintiff did not send a copy of the summons and FAC to Defendant U.S. Marine Corps.  In addition, to the extent Plaintiff seeks to bring claims against Malara in his individual capacity, Plaintiff failed to satisfy Rule 4(i)(3) as she has made no attempt to serve Malara with the FAC.

Under Rule 4m, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice[.]" Fed. R. Civ. P. 4(m).  However, "if [a] plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*  "Filing an amended complaint does not toll the Rule 4(m) service period and thereby provide an additional 90 days for service." *Lockhart v. Logistics LLC*, 2022 WL 504597, at *1 n.2 (C.D. Cal. Feb. 18, 2022).  As Plaintiff's Complaint was filed on January 23, 2025, Plaintiff's timeframe to effect service is long past due, and the action must be dismissed absent a showing of good cause.

Accordingly, the Court ORDERS Plaintiff to show cause in writing no later than **August 29, 2025**, why the claims against Defendants should not be dismissed for lack of service.  Alternatively, the filing of sufficient proofs of service within this same time

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-00626-JLS-MAR                                    Date: August 20, 2025
Title:  Jasmine Magana v. United States Government et al

frame is an acceptable response.  Plaintiff's failure to timely respond will result in the immediate dismissal of this action.

Initials of Deputy Clerk: kd